IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ILLINOIS EXTENSION PIPELINE COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> FREDERICK J. THOMAS, JR., as Co-Executor of the Estates of Frederick J. Thomas, Sr., Deceased, and Helen R. Thomas, Deceased, and CLARENCE D. THOMAS, as Co-Executor of the Estates of Frederick J. Thomas, Sr., Deceased, and Helen R. Thomas, Deceased. <br><br> Defendants. | NO. 15-3052 |

## OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff Illinois Extension Pipeline Company LLC, formerly known as Enbridge Pipelines LLC, has filed a Notice of Related Case [d/e 10], stating that pursuant to CDIL-LR 42.1, the instant case is related to a group of earlier-filed cases pending in the district. On that basis, the Plaintiff requests that the action be transferred to another judge.

The local rule on consolidation and transfer of related cases provides:

When a party or counsel for a party knows that a newly filed case is related to another case already pending in the district, the parties are responsible for bringing the matter to the court's attention at the first opportunity but not later than the Rule 16 discovery conference or the first motion hearing, whichever occurs earliest. Consolidation of the cases will be considered at that time.

Later-filed cases may be transferred to the judge assigned to the first-filed suit, regardless of whether the cases are consolidated.

CDIL-LR 42.1. The Plaintiff cites a number of declaratory judgment actions that were consolidated and assigned by then Chief Judge Michael P. McCuskey to United States District Judge Harold A. Baker. The lead case was Enbridge Pipelines (Illinois) LLC v. Preiksaitis, No. 08-cv-2215. See Order, No. 08-cv-2289, January 12, 2009 Doc. No. 14. The Plaintiff states that Judge Baker oversaw extensive discovery and motion practice and eventually granted summary judgment to Plaintiff Enbridge Pipelines Illinois (now Illinois Extension Pipeline Company, LLC, the Plaintiff here) in a series of orders entered in 2010. The United States Court of Appeals for the Seventh Circuit affirmed Judge Baker's judgments upholding the 1939 pipeline easement. See Enbridge Pipelines (Illinois) LLC v. Moore,

633 F.3d 602 (7th Cir. 2011).

Pursuant to a post-judgment motion, Judge Baker entered a permanent injunction restraining landowners along the pipeline route from further interference with the Plaintiff's easement rights. See Enbridge Pipelines (Illinois) LLC v. Preiksaitis, No. 3:08-cv-03264, Doc. No. 14 (C.D. Ill. Aug. 4, 2014).

The Plaintiff alleges that Defendants have continued to obstruct its enforcement of its 1939 easement rights which, the Plaintiff states, is why the Plaintiff filed this declaratory judgment action. The Plaintiff asserts that because he has handled the other cases, Judge Baker is knowledgeable of all legal and factual issues pertaining to the 1939 pipeline easement that is involved in this case. Because Judge Baker is familiar with the facts and applicable law, the Plaintiff alleges it would be a waste of scare judicial resources to require another judge to start anew and learn the same issues.

Based on the foregoing and, pursuant to Local Rule 42.1, the Plaintiff requests that the case be transferred to Judge Baker.

The text of the local rule applies to cases that are pending in the

3

district. See CDIL-LR 42.1. All of the alleged related cases cited by the Plaintiff have been terminated. Accordingly, the Court finds no basis to transfer the case.

Additionally, it is worth noting that federal judges are generalists. See Consolidation Coal Co. v. Director, Office of Workers' Compensation Programs, 732 F.3d 723, 728 n.1 (7th Cir. 2013). Although many, if not most, judges have specific areas of interest and/or expertise, the Court does not believe that a particular level of competence in a subject area is an appropriate reason to transfer a case when federal judges must be familiar with many different fields of law.

<u>Ergo</u>, upon considering the Notice of Related Case [d/e 10], the Court declines to transfer this action pursuant to CDIL-LR 42.1.

ENTER: April 22, 2015

        FOR THE COURT:

                                    s/Richard Mills
                                    Richard Mills
                                    United States District Judge